UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ULYSSES BRAMLETT,

        Plaintiff,                                  Hon. Ellen S. Carmody

v.                                                  Case No. 1:06 CV 506

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On November 17, 2006, the parties consented to proceed in this Court for all further proceedings, including an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Wendell A. Miles referred the matter to this Court. (Dkt. #11).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The standard

affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 40 years of age on the date of the ALJ's decision. (Tr. 15). He earned a General Educational Development (GED) diploma and worked previously as a nurse's aide, painter, and laborer. (Tr. 62, 66).

Plaintiff applied for benefits on May 7, 2003, alleging that he had been disabled since October 31, 2002, due to asthma. (Tr. 43-45, 61, 141-43). Plaintiff's application was denied, after which time he requested a hearing before an ALJ. (Tr. 23-56, 144-51). On July 11, 2005, Plaintiff appeared before ALJ James Carletti, with testimony being offered by Plaintiff and vocational expert, Richard Riedl. (Tr. 156-80). In a written decision dated October 27, 2005, the ALJ determined that Plaintiff was not disabled. (Tr. 14-22). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (Tr. 4-7). Plaintiff then initiated this appeal pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

On August 19, 2002, Plaintiff was examined by Dr. Ravi Polasani. (Tr. 88-89). Plaintiff reported that he was experiencing "shortness of breath and wheezing especially with exertion." (Tr. 88). Plaintiff reported that he was using his inhaler, but was "not taking his Flovent as prescribed." *Id.* Recent x-rays of Plaintiff's chest revealed "no active lung disease." (Tr. 90).

3

The results of an examination were largely unremarkable and Plaintiff was diagnosed with "moderate persistent bronchial asthma." (Tr. 88-89).

On February 19, 2003, Plaintiff was examined by Dr. Polasani. (Tr. 110). Plaintiff reported that he was experiencing wheezing, shortness of breath, and increased heart rate. The doctor adjusted Plaintiff's medication regimen and reiterated that Plaintiff was suffering from "moderate" persistent bronchial asthma. *Id.*

On August 21, 2003, Plaintiff reported to Dr. Polasani that he was "not any better" and that his medications were "not helping." (Tr. 108). Plaintiff also reported that he was experiencing chest pain that "comes [and] goes." *Id.*

On December 31, 2004, Plaintiff reported to the emergency room complaining of wheezing and an inability to take a deep breath. (Tr. 118). X-rays of Plaintiff's chest were negative. (Tr. 120). Plaintiff was administered medication, after which he was "much improved." (Tr. 119). Plaintiff was diagnosed with "asthma exacerbation" and "acute bronchitis." *Id.*

On January 11, 2005, Plaintiff was examined by Dr. Erin Mazur. (Tr. 122). Plaintiff complained of wheezing and coughing. The results of an examination were unremarkable. The doctor provided Plaintiff with medication to treat his asthma. *Id.* On January 25, 2005, Plaintiff reported to Dr. Mazur that he was "feeling much better." (Tr. 121).

On September 1, 2005, Plaintiff was examined by Thomas Horner, Ph.D. (Tr. 125-39). Plaintiff reported that he was experiencing asthma and depression. (Tr. 126). Plaintiff appeared depressed, but the results of a mental status examination were otherwise unremarkable. (Tr. 130-34). Plaintiff was diagnosed with adjustment order and depression. (Tr. 135). His GAF

score was rated as 60.[1]  *Id.*  Dr. Horner also reported that Plaintiff's ability to (1) understand, remember, and carry out instructions and (2) respond to supervision, co-workers, and work pressure in a work setting was "not affected by [his] impairment."  (Tr. 137-38).

## ANALYSIS OF THE ALJ'S DECISION

### A. Applicable Standards

The social security regulations provide a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1420(a), 416.920(a).  The regulations also provide that if an individual suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining a claimant's residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning.  American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 30 (4th ed. 2000).  A GAF score of 60 indicates "moderate symptoms or moderate difficulty in social, occupational, or school functioning."  *Id.* at 34.

[2] 
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

B. <u>The ALJ's Decision</u>

In his decision denying Plaintiff's claim for benefits, the ALJ determined that Plaintiff suffers from asthma, a severe impairment. (Tr. 16). The ALJ further determined that this impairment did not satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ determined that while Plaintiff was unable to perform his past relevant work, there existed a significant number of jobs which he could perform despite his limitations. (Tr. 18-20). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

### 1. The ALJ's Decision is Supported by Substantial Evidence

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform light work activities subject to the following limitations: (1) he can only occasionally climb; and (2) he must avoid concentrated exposure to extreme heat, cold, humidity, fumes, dust, gases, and other pulmonary irritants. (Tr. 17). After reviewing the relevant medical evidence, the Court concludes that the ALJ's determination as to Plaintiff's RFC is supported by substantial evidence. Vocational expert, Richard Riedl, testified that there existed approximately 42,600 jobs which Plaintiff could perform consistent with his RFC. (Tr. 177-78). Relying on this testimony, the ALJ concluded that Plaintiff was not disabled.

    a.  The ALJ Properly Evaluated Plaintiff's Impairments

As noted above, the ALJ determined that Plaintiff suffers from asthma, a severe impairment. Plaintiff asserts that the ALJ erred by not further concluding that he suffered from severe obesity. At the administrative hearing Plaintiff testified that he was 73 inches tall and weighed 246 pounds. (Tr. 161). The medical record reveals that between August 2002 and January 2005, Plaintiff's weight varied from 231 pounds to 248 pounds. (Tr. 87-88, 108-16, 121).

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work

situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. § 404.1521(b).  An impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience."  *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (citations omitted).

None of Plaintiff's care providers have ever indicated that Plaintiff suffered from obesity, needed to lose weight, or is impaired to an extent beyond that recognized by the ALJ.  Moreover, prior to his appeal of the ALJ's decision Plaintiff has never alleged that he was obese or that he was unable to perform work activities due to his weight.  Thus, the Court finds that the ALJ's determination that Plaintiff did not suffer from severe obesity is supported by substantial evidence.  However, even if the ALJ erred in this regard it does not call into doubt the substantiality of his ultimate conclusion that Plaintiff is not disabled.

At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment.  The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision.  *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Riepen v. Commissioner of Social Security*, 198 Fed. Appx. 414, 415 (6th Cir., Oct. 10, 2006) (citing *Maziarz*, 837 F.2d at 244); *Swartz v. Barnhart*, 188 Fed. Appx. 361, 368 (6th Cir., July 13, 2006) (same).

Here, the ALJ determined that Plaintiff suffered from a severe impairment at step two of the sequential analysis and continued with the remaining steps thereof, considering in detail the medical evidence of record. (Tr. 15-20). Thus, even if the Court assumes that the ALJ erred in failing to find that Plaintiff suffered from severe obesity, such does not call into question the substantiality of the evidence supporting the ALJ's decision. *See Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); *Berryhill v. Shalala*, 1993 WL 361792 at *7 (6th Cir., Sep. 16, 1993) ("the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture...'").

Accordingly, the Court finds that the ALJ properly determined that Plaintiff did not suffer from severe obesity. Moreover, even if the ALJ erred in this regard it does not call into doubt the substantiality of his ultimate conclusion that Plaintiff is not disabled.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date:  August 29, 2007                                          /s/ Ellen S. Carmody
                                                                                ELLEN S. CARMODY
                                                                                United States Magistrate Judge